DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SENIOR AND DISABILITY ACTION, on behalf of its members and all others similarly situated; INDEPENDENT LIVING RESOURCE CENTER OF SAN FRANCISCO; PI RA, on behalf of himself and all others similarly situated; and IAN SMITH, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT and ROBERT M. POWERS, in his official capacity as General Manager of the San Francisco Bay Area Rapid Transit District,<br><br>Defendants. | Case No. 3:17-cv-01876-LB<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE, AND SETTING DATES FOR FINAL APPROVAL**<br><br>Judge:    Laurel Beeler |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# I.   INTRODUCTION

Before the Court is the Parties' Joint Motion for Preliminary Approval of Class Action Settlement.  Plaintiffs Senior and Disability Action, Independent Living Resource Center of San Francisco, Pi Ra and Ian Smith (collectively "Plaintiffs") filed this action in April 2017 alleging that Defendants San Francisco Bay Area Rapid Transit District ("BART") and its General Manager (collectively "Defendants") were violating federal and state laws by discriminating against Plaintiffs and other people with mobility disabilities.  Defendants deny these allegations and do not concede liability.  Following extensive negotiations that took place over more than six years, the Parties have reached a proposed Settlement Agreement and Release of Claims (the "Agreement"), which is in the best interest of all Parties and satisfies the requirements of Federal Rule of Civil Procedure 23.  The Agreement ensures, among other things, that BART will use best efforts to renovate, make prompt repairs and implement preventative maintenance plans of elevators and escalators to provide continuous, uninterrupted service.

The Parties now ask that the Court enter an order: (1) granting preliminary approval of the Agreement; (2) provisionally certifying the proposed Settlement Class and appointing Plaintiffs' attorneys as class counsel, pending final approval; (3) approving the Parties' proposed forms of notice and directing notice to the class; and (4) setting deadlines for notice, objections, and a final fairness hearing.

Having presided over the proceedings in the above-captioned action and having reviewed all of the arguments, pleadings, records, and papers on file, this Court finds and orders as follows:

# II.   FINDINGS

Plaintiffs allege that Defendants fail to ensure equal access for people with mobility disabilities who use wheelchairs, walkers, and other mobility aids, and who rely on elevators and escalators to access the stations and services of BART in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, the Unruh Civil Rights Act and California Government Code § 11135.  ECF No. 1 (Complaint).  Plaintiffs allege that they and other people with mobility disabilities are denied full

and equal access to the BART system and are provided a level of service vastly inferior to that which BART's non-disabled customers enjoy. ECF No. 1. Defendants expressly deny these allegations and assert that they have always complied with the law. ECF No. 20 (Answer).

### A. The Settlement Class meets the requirements of Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure

To grant preliminary approval, the court determines whether the proposed class is proper for settlement purposes, and, if so, preliminarily certifies the class. *Cf. Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *see also Uschold v. NSMG Shared Servs., LLC*, 333 F.R.D. 157, 166 (N.D. Cal. 2019) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)). To support class certification, a court must find each of Rule 23(a)'s four requirements has been satisfied: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Amchem Prods., Inc.*, 521 U.S. at 614. In addition to these requirements, "parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Id.* The applicable provision here is subsection (2), which "permits class actions for declaratory or injunctive relief where 'the party opposing the class has acted or refused to act on grounds generally applicable to the class.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(2)).

Here, the proposed class for the purpose of settlement ("Settlement Class") is defined as:

> All people with Mobility Disabilities who, at any time between April 5, 2014 and the end of this Settlement's Term, have needed to use or will need to use the Accessible Features of BART's facilities.

Agreement at 5 ("T. Settlement Class").

The Settlement Class is defined slightly differently from the class originally proposed in Plaintiffs' Complaint. *Compare* Agreement at 5 *with* ECF No. 1 at ¶ 85. This modification clarifies the class definition and will not materially impact the class membership or prejudice any class member. The Court finds that this modification to the class definition is appropriate.

In addition, the Court finds that the proposed Settlement Class meets the requirements of Rule 23(a) and Rule 23(b)(2), as discussed below, and it is hereby conditionally certified pending final approval.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

              i.        <u>The Settlement Class is Sufficiently Numerous</u>

Rule 23(a) requires that a settlement class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Data indicates that approximately 300,000 class members reside within the counties that the BART system serves and close to 1.5 million people with mobility disabilities visit the Bay Area each year for work and leisure, many of whom either use the BART system or would if they are not deterred by the alleged barriers to access. Joinder of all class members in a single proceeding would be impracticable, and the Court finds that the proposed Settlement Class is sufficiently numerous.

              ii.        <u>The Settlement Class Satisfies Commonality</u>

The second element of Rule 23(a) requires the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is satisfied where the plaintiff alleges the existence of "a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The critical question is whether class members have suffered the same injury, such that their claims "depend upon a common contention . . . [that] is. capable of classwide resolution." *Id.*

Plaintiffs challenge Defendants' failure to maintain a transit system readily accessible to persons with mobility disabilities. ECF No. 1 at ¶¶ 30, 109, 114, 137, 145. The same factual allegations form the basis of each Settlement Class member's claims and the legality of these policies and practices is a question "capable of classwide resolution." *Wal-Mart*, 564 U.S. at 350.

The Court finds that there are questions of law and fact common to the Settlement Class.

              iii.       <u>Plaintiffs' Claims are Typical of the Settlement Class.</u>

The third element of Rule 23(a) requires that the claims of the representative parties are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). Rule 23(a)'s typicality requirement is met so long as the named plaintiffs' claims are "reasonably coextensive with those of absent class members; they need not be substantially identical." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998),

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*overruled on other grounds by Wal-Mart*, 564 U.S. at 338).

Though the extent of their injuries may differ, Plaintiffs allege that every class member is affected by the same challenged course of conduct on the part of Defendants: system-wide policies and practices involving accessibility to its fixed route system for persons with mobility disabilities. The legal theories that Plaintiffs would have relied on to redress this harm apply equally to each member of the proposed Settlement Class.

The Court finds that Plaintiffs' claims are typical of the claims of the Settlement Class that they seek to represent for the purpose of settlement.

iv.   Plaintiffs and Class Counsel are Adequate Representatives.

The final element of Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Settlement Class is adequately represented so long as "the named plaintiffs and their counsel [do not] have any conflicts of interest with other class members, and . . . [will] prosecute the action vigorously on behalf of the class." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000), as amended (June 19, 2000).

Here, Plaintiffs have shown that no conflicts exist between Plaintiffs and other Settlement Class members. The Parties' Agreement provides the same injunctive relief for Plaintiffs and every member of the proposed Settlement Class; and Plaintiffs have vigorously represented the class and pursued this outcome on behalf of the Settlement Class. Plaintiffs' Counsel is experienced in litigating class actions and impact cases involving disability rights violations.

Thus, the Court finds that Plaintiffs Senior and Disability Action, Independent Living Resource Center of San Francisco, Pi Ra and Ian Smith have fairly and adequately represented the interest of the Settlement Class and will continue to do so. Accordingly, the Court hereby conditionally appoints Plaintiffs Senior and Disability Action, Independent Living Resource Center of San Francisco, Pi Ra and Ian Smith, as representatives of the Settlement Class. The Court further conditionally appoints Plaintiffs' counsel, Disability Rights Advocates and Legal Aid at Work, as Class Counsel.

v.  The Settlement Class Satisfies Rule 23(b)(2).

Rule 23(b)(2) requires that the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." This rule is "almost automatically satisfied in actions primarily seeking injunctive relief." *Hernandez v. Cnty. of Monterey*, 305 F.R.D. 132, 151 (N.D. Cal. 2015) (quoting *Gray v. Golden Gate Nat'l Recreational Area*, 279 F.R.D. 501, 520 (N.D. Cal. 2011)).

Here, Plaintiffs challenge BART's policies and practices applicable to all Settlement Class members and seek injunctive relief. Under the proposed Agreement, every Settlement Class member will benefit from the same relief—changed policies and practices to allow people with mobility disabilities to have full and equal use of the BART transit system. Furthermore, the Agreement does not release Settlement Class members' potential claims for monetary damages.

The Court finds that the proposed Settlement Class satisfies Rule 23(b)(2). Thus, provisional certification is granted pending final approval.

**B.   The proposed Settlement Agreement is Fair, Reasonable, and Adequate**

At the preliminary approval stage, the Parties must show "that the court will likely be able to" approve their proposed settlement when considering the following factors: (1) whether the class was adequately represented; (2) whether the proposed settlement was negotiated at arm's length; (3) whether the relief provided for the class is adequate, taking into account the costs, risks, and delay of trial and appeal and the terms of any proposed award of attorneys' fees; and (4) whether the proposal treats class members equitably relative to one another. Fed. R. Civ. P. 23(e)(1)(B), 23(e)(2); *see also Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (listing *Hanlon* factors considered in the Ninth Circuit). Having considered these factors and examined the settlement process for signs of collusion, as discussed below, the Court finds that final approval is likely. The proposed Agreement is thus preliminarily approved.

1.   Plaintiffs and their Counsel Have Adequately Represented the Settlement Class.

In determining whether a class has been adequately represented, courts consider the same

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

"adequacy of representation" questions that are relevant to class certification. *See In re MyFord Touch Consumer Litig.*, No. 13-cv-03072-EMC, 2019 WL 1411510, at *8 (N.D. Cal. Mar. 28, 2019); *see also O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2019 WL 1437101, at *6 (N.D. Cal. Mar. 29, 2019). Adequate representation of counsel is generally presumed in the absence of contrary evidence. *Californians for Disability Rights, Inc. v. Ca. Dep't of Transp.*, 249 F.R.D. 334, 349 (N.D. Cal. 2008); *see also* William B. Rubenstein, 1 *Newberg and Rubenstein on Class Actions* § 3:55 (6th ed. 2022).

Plaintiffs and their counsel have demonstrated that they do not have any known conflicts of interest with other class members and have vigorously prosecuted the action. Having reviewed the Agreement and all submissions, the Court finds that Plaintiffs and their counsel have adequately represented the Settlement Class and that this factor weighs in favor of preliminary approval.

i. The Proposed Settlement was Negotiated at Arm's Length.

The Court finds that the Agreement was negotiated at arm's length. While no presumption of fairness attaches to settlements achieved through arms-length negotiations, *see Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019), such negotiations do weigh in favor of approval.[1] Fed. R. Civ. P. 23(e)(2)(B). The proposed Agreement is the product of over six years of arms' length negotiations, including nine settlement conferences before Judge Beeler, numerous settlement meetings between the Parties, and dozens of written proposals exchanged. ECF Nos. 41, 48, 54, 59, 99, 103, 115, 136 and 140. (Min. Entries re Settlement Confs.). As the Advisory Committee has recognized, "the involvement of a neutral or court-affiliated mediator or facilitator . . . may bear on whether [negotiations] were conducted in a manner that would protect and further the class interests." Advisory Committee Notes to 2018 Amendments, Fed. R. Civ. P. 23(e)(2). The Court finds that the Agreement is the product

---

[1] The considerations encompassed by revised Rule 23(e)(b)(2)(A)–(B) "overlap with certain *Hanlon* factors, such as the non-collusive nature of negotiations, the extent of discovery completed, and the stage of proceedings." *In re Extreme Networks, Inc. Sec. Litig.*, No. 15-cv-04883-BLF, 2019 WL 3290770, at *7 (N.D. Cal. July 22, 2019) (citing *Hanlon*, 150 F.3d at 1026).

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

of "serious, informed, non-collusive negotiations" conducted by experienced counsel over an "extended period of time." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079–80 (N.D. Cal. 2007). This factor weighs in favor of preliminary approval.

    ii. <u>The Proposed Agreement Provides Adequate Relief to Plaintiffs and the Settlement Class</u>

Rule 23(e)(2)(C) requires courts to consider whether "the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payments; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C).

Here, the Parties have shown that the Agreement fully addresses the issues that led Plaintiffs to file this lawsuit. BART will undertake a program of renovating the most at-risk elevators and escalators in its system and implement a regular maintenance schedule to ensure that its existing facilities remain in good repair. The Agreement calls for BART to implement an emergency preparedness plan, improve outage communication and mitigation, continue the elevator attendant program, prioritize mitigation of soiled accessibility features, and provide for a complaint procedure regarding accessibility issues. BART will also regularly report outage data to the public and Class Counsel. The Agreement provides for monitoring by Class Counsel and a dispute resolution procedure for resolving any issues that arise during the settlement term. Once implemented, these changes will address the problems that led to the lawsuit.

In deciding whether to agree to this settlement, Plaintiffs considered the possibility that BART would prevail in the litigation, and the case would end with no benefits to the class. There is no guarantee that Plaintiffs would prevail, and any litigated result would require significant time and resources for the Court to resolve these disputes.

Subject to this Court's approval, Defendants have agreed to pay service awards in the amount of $7,500 each to named Plaintiffs Pi Ra and Ian Smith, and $15,000 each to organizational Plaintiffs Senior and Disability Action and Independent Living Resource Center

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

of San Francisco.  Agreement ¶ 129.

Subject to this Court's approval, Defendants have agreed to pay Plaintiffs' Counsel $825,000 to cover all attorneys' fees and costs through final approval.  Agreement ¶ 128.  This term was negotiated after all substantive settlement terms pertaining to injunctive relief had been resolved, and the total amount is a significant reduction to Plaintiffs' lodestar.  Defendants have also agreed to pay Plaintiffs' Counsel $12,500 per year for years 1-5 of the settlement term and $10,000 per year for the remainder of the settlement term to monitor compliance with the settlement.  Agreement ¶ 113.

The Court finds that all relevant factors weigh in favor of preliminary approval.

### iii.  The Parties' Agreement Treats All Settlement Class Members Equitably

"The Court must next examine whether the Settlement Agreement provides preferential treatment to any class member."  *Uschold*, 333 F.R.D. at 170 (internal quotation and citation omitted).  The Court finds that the Agreement will provide the same relief to all Settlement Class members, and the only distinction between treatment of the Plaintiffs and other Settlement Class members is that the Plaintiffs will seek, subject to Court approval, a service award in the amount of $7,500 each to the named Plaintiffs and $15,000 each to the organizational plaintiffs, for their service to the proposed Settlement Class.  Agreement ¶ 129.  Because the proposed Agreement treats Plaintiffs and all other Settlement Class members equitably relative to each other, the Court finds that this factor weighs in favor of preliminary approval.

### C.   The Parties' Proposed Class Notice is Approved

Notice to a settlement class certified under Rule 23(b)(2) is within the Court's discretion. Fed. R. Civ. P. 23(c)(2)(a), (e)(1). "Notice provided pursuant to Rule 23(e) must 'generally describe[ ] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"  *Lane*, 696 F.3d at 826 (alteration in original) (quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009)).

The Court finds that the Parties' proposed form of notice meets this standard and complies with the Northern District's Procedural Guidance For Class Action Settlements.  The Notice attached as Exhibit B to the Agreement and apprises Settlement Class members in a fair

and neutral way of the existence of the Agreement and their rights with respect to the Agreement. The Class Notice is written using plain language; will be available in English, Spanish and Chinese; a shortform of the Notice (Exh. B-1 to the Agreement) will be posted in the San Francisco Chronicle, the San Francisco Examiner, the Oakland Tribune, Sing Tao Daily and El Observador; the Notice will be posted on BART's website, Facebook page, Twitter account and through email alerts; the Notice will be posted on Plaintiffs' counsel's websites; and the Notice will be provided to Bay Area organizations that serve Settlement Class members. The Court finds that the distribution of the Class Notice in the manner and form set forth in the Agreement meets the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e) and is the best notice practicable under the circumstances. The Class Notice is thus approved as to form and the Court adopts the Parties' proposed distribution plan. The Parties may make non-substantive changes to this notice—such as to insert dates and times consistent with this Order, as well as website addresses—without further approval from this Court.

### III.    ORDER

NOW THEREFORE, IT IS HEREBY ORDERED:

1. Unless otherwise stated, the terms in this Order have the meaning set forth in the Agreement.

2. The Court hereby conditionally certifies the proposed Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) as follows:

    a) The Court hereby conditionally appoints Plaintiffs Senior and Disability Action, Independent Living Resource Center of San Francisco, Pi Ra and Ian Smith as Settlement Class representatives.

    b) The Court hereby conditionally appoints Disability Rights Advocates and Legal Aid at Work, Plaintiffs' attorneys of record, as Class Counsel.

3. The Court hereby grants preliminary approval of the terms and conditions contained in the Agreement, attached as Exhibit 1 to the Declaration of Jinny Kim in Support of the Parties' Joint Motion for Preliminary Approval.

1   4.   The Agreement is fair and warrants the dissemination of notice to the Settlement Class members apprising them of the settlement.

5.   The Court hereby approves, as to form and content, the proposed Class Notice, attached as Exhibit B to the Agreement.

6.   The Class Notice shall be disseminated to the Settlement Class, substantially in the form attached as Exhibit B to the Agreement, by the following means:

   a)   Within 10 days of this order, BART will provide a copy of the notice to the organizations listed in Exhibit C to the Settlement Agreement.

   b)   Within 20 days of this order, BART, Disability Rights Advocates and Legal Aid at Work will post the Notice, with translations in Chinese and Spanish thereof on their respective websites.  The notices will comply with Web Content Accessibility Guidelines.

   c)   Within 20 days of this order, BART will post a link of the notice through email alerts, BART's Facebook page and BART's Twitter account.

   d)   Within 30 days of this order, BART will post the short form Class Notice, attached as Exhibit B-1, for four (4) consecutive weeks in the San Francisco Chronicle (English), the San Francisco Examiner (English), the Oakland Tribune (English), Sing Tao Daily (Chinese) and El Observador (Spanish).

7.   Counsel for both Parties shall submit declarations to the Court as part of the Parties' Motion for Final Approval of the Class Action Settlement confirming compliance with these notice provisions of the Agreement.

8.   Any Settlement Class member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or the fees and costs allocated for Class Counsel must submit an Objection no later than 75 days after the date of this Order.

   a)   Objections should include:

   i) The case name and or number:  *Senior and Disability Action, et al. v. Bay Area Rapid Transit District, et al.*, Case Number 3:17-cv-01876-LB;

   ii) The Objector's name;

   iii) The specific grounds for the objection; and

   iv) Whether the Objector wishes to speak at the Fairness Hearing.

 b) Objections must be submitted in one of the following methods:

   i) Written Objections may be submitted in person at the U.S. District Court for the Northern District of California or by mail to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

9. Settlement Class members may also appear to present their objections at the Fairness Hearing. Any Settlement Class member who fails to timely submit objections or appear at the Fairness Hearing shall be deemed to have waived any objections and shall be foreclosed from objecting to the Agreement, unless otherwise ordered by the Court.

10. Class Counsel and counsel for Defendants will respond to any timely filed objections no less than five (5) days before the Fairness Hearing.

11. A hearing is appropriate to consider whether this Court should grant final approval of the Settlement Agreement, and to allow adequate time for Settlement Class members to support or oppose this settlement. The Court will schedule a Fairness Hearing at least one hundred (100) days from the date of this order.

12. A Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to determine whether the Agreement is fair, reasonable, and adequate, and whether it should be finally approved by the Court shall be held before the undersigned on ___April 18___, 2024 at 9:30 AM. The hearing shall be conducted remotely and may be continued from time to time without further notice.

13. Plaintiffs will file their Motion for Attorneys' Fees and Costs no later than 40 days of this order.

14. The Parties will file their Joint Motion for Final Approval of Settlement no later than two weeks before the Fairness Hearing.

15. If for any reason the Court does not grant the Motion for Final Approval of Settlement, the proposed Settlement Agreement and all evidence and proceedings in connection therewith shall be null and void.

16. The Court enjoins all Settlement Class Members from asserting any claims to be released by the Agreement until the date of the Fairness Hearing.

**IT IS SO ORDERED.**

Dated: November 30, 2023

Honorable Laurel Beeler
United States District Magistrate Judge

The CAFA notice will be provided within ten days of the court's order.  The court defers consideration of the attorney's fees and service awards to the Final Fairness Hearing.  The fees motion will be due in fifty days.  The timing for objections will be 85 days.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Senior and Disability Action, et al. v. Bay Area Rapid Transit, et al.*, Case No. 3:17-cv-01876-LB
[Proposed] Order Granting Preliminary Approval of Class Settlement       12