DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENIOR AND DISABILITY ACTION, on behalf of its members and all others similarly situated; INDEPENDENT LIVING RESOURCE CENTER OF SAN FRANCISCO; PI RA, on behalf of himself and all others similarly situated; and IAN SMITH, on behalf of himself and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT and ROBERT M. POWERS, in his official capacity as General Manager of the San Francisco Bay Area Rapid Transit District,<br><br>  Defendants. | Case No. 3:17-cv-01876-LB<br><br>[Proposed] **ORDER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Judge:     Hon. Magistrate Laurel Beeler<br>Date:      April 18, 2024<br>Time:      9:30 AM<br>Courtroom: B, 15th Floor |

## I.  INTRODUCTION

Plaintiffs filed this class action in April 2017 alleging that Defendants Bay Area Rapid Transit District (BART) and its general manager, (collectively, "Defendants") failed to provide equal access to BART's stations and services for people with mobility disabilities in violation of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504").

In March 2023, the Parties reached a Settlement Agreement ("Agreement"), which this Court preliminarily approved on November 30, 2023. ECF No. 149. Plaintiffs now request that this Court enter an order approving an award of $825,000 in compensation for all attorneys' fees and costs incurred in connection with this action through final approval of the settlement as fair and reasonable and order Defendants to pay Plaintiffs' counsel $825,000 within ninety (90) days of the Court's order granting final approval.

Having presided over the proceedings in the above-captioned action and considered all pertinent arguments, pleadings, records, and papers, this Court finds and orders the following.

## II.  FINDINGS

### A.  <u>As the prevailing party, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs.</u>

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The statutes under which this action was brought—the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and California state law—allow for fee shifting when plaintiffs prevail on their claims. 42 U.S.C. § 12205 (ADA prevailing party is entitled to "a reasonable attorney's fee, including litigation expenses, and costs"); 29 U.S.C. § 794a(b) (Section 504 prevailing party is entitled to "a reasonable attorney's fee as part of the costs"); Cal. Civ. Proc. § 1021.5 (successful party in an action under California law that enforces an important right affecting the public interest, confers a significant benefit on a large class of persons, was brought in the absence of public enforcement, imposed a financial burden on plaintiffs' counsel, and secures non-monetary relief, is entitled to attorneys' fees).

Plaintiffs who prevail under these fee-shifting statutes "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Jankey v. Poop Deck*, 537 F.3d 1122, 1130 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotation marks and citations omitted). Granting successful civil rights plaintiffs a reasonable attorneys' fee "ensure[s] effective access to the judicial process" and advances the important causes behind such legislation. *Jankey*, 537 F.3d at 1131.

A plaintiff "prevails" for the purpose of awarding attorneys' fees under the ADA and Section 504 when "actual relief on the merits of [their] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Chapman v. NJ Properties Inc.*, No. 5:16-cv-02893-EJD, 2019 WL 3718585, at *2 (N.D. Cal. Aug. 7, 2019) (quoting *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000)). Such "material alteration" can occur through a legally binding settlement agreement. *Id.* at *3; *see also Jankey*, 537 F.3d at 1130. The key is whether the plaintiff can "force the defendant to do something [they] otherwise would not have to do." *Chapman*, 2019 WL 3718585, at *2 (quoting *Fischer*, 214 F.3d at 1118).[1]

Here, the Parties have entered into a legally enforceable settlement agreement that (1) provides the Settlement Class with the relief sought in the Complaint including renovating and repairing elevators and escalators and implementing preventative maintenance plans, emergency evacuation procedures and the training of BART personnel; and (2) will remain enforceable by this Court under its continuing jurisdiction. *See* Agreement ¶ 8 (stipulating to the Court's retention of jurisdiction over the action "to enforce this Settlement Agreement and to mediate disputes throughout the Term").

Plaintiffs have prevailed under both federal and state law by achieving a global

---

[1] Under California state law, a plaintiff will be considered a "successful party" where an important right is vindicated "by activating defendants to modify their behavior" and "an attorney fee award may be justified even where a plaintiff's legal action does not lead to a favorable final judgment." *Westside Cmty. for Indep. Living, Inc. v. Obledo*, 33 Cal. 3d 348, 352–53 (1983).

settlement that resolves all federal and state law claims in the case. The Settlement provides unitary and complete injunctive relief to the entire Class under both federal and state law.

This Court finds that Plaintiffs have "prevailed" in this action for purposes of this motion by achieving actual relief on the merits of their claim that is legally enforceable and there are also no special circumstances rendering an award of fees and costs unjust. Plaintiffs are therefore entitled to an award of reasonable attorneys' fees and costs.

### B.   The Parties' negotiated award of $825,000 in fees and costs is a significant reduction to Plaintiffs' presumptively reasonable lodestar, and is fair and reasonable.

"While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement . . . courts have an independent obligation to ensure that the award . . . is reasonable, even if the parties have already agreed to an amount." *Senne v. Kansas City Royals Baseball Corp.*, No. 14-cv-00608 JCS, 2023 WL 2699972, at *17 (N.D. Cal. Mar. 29, 2023) (citing *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011)). In the Ninth Circuit, courts use the "lodestar method" for calculating a reasonable attorneys' fee "in class actions brought under fee-shifting statutes (such as federal civil rights…), where the relief sought—and obtained—is often primarily injunctive in nature and thus not easily monetized, but where the legislature has authorized the award of fees to ensure compensation for counsel undertaking socially beneficial litigation." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d at 941; *see also Serrano v. Priest*, 20 Cal. 3d 25, 47–48 (1977) (*Serrano III*). "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation . . . by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d at 941; *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001). The lodestar figure is presumptively reasonable. *See Fischer*, 214 F.3d at 1119 n.4; *Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1277 (N.D. Cal. 2014).

Class Counsel's combined lodestar as of December 31, 2022—upon which they based their demand for fees—was $1,161,331.00 and their litigation expenses and costs were $16,557.86, for a total of $1,177,888.86 in fees, costs, and litigation expenses through December

31, 2022. Kim Fee Decl. ¶ 10. The negotiated award of $825,000 is approximately 58% of that total and covers Class Counsel's fees and costs through final approval of the settlement. Agreement ¶ 128. This Court finds that the requested award of $825,000 is reasonable because Class Counsel's lodestar is based on reasonable rates and a reasonable number of expended hours, and because it represents a substantial reduction to the presumptively reasonable lodestar, as discussed in more detail below.

        1.        <u>Class Counsel's lodestar is based on reasonable rates.</u>

Class Counsel's billing rates are reasonable as they are based on the extensive experience each attorney has in complex disability rights class action litigation and are similar to prevailing market rates awarded to lawyers "of reasonably comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008); *see also G. F. v. Contra Costa Cnty.*, No. 13-CV-03667-MEJ, 2015 WL 7571789, at *14 (N.D. Cal. Nov. 25, 2015); *Children's Hosp. & Med. Ctr. v. Bonta*, 97 Cal. App. 4th 740, 783 (2002). The "relevant legal community" is generally the forum district for the action in which fees are sought. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992); *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 1009 (2013). "[R]ate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *See Johnson v. Baird Lands, Inc.*, No. 18-cv-05365-VKD, 2020 WL 3833278, at *2 (N.D. Cal. July 8, 2020) (quoting *United Steelworkers of Am. v. Phelps Dodge Co.*, 896 F.2d 403, 407 (9th Cir. 1990)).

Plaintiffs' lodestar is based on the following hourly billing rates:

*Disability Rights Advocates:*

| Name | Title | 2022 Hourly Billing Rate | Graduation Year |
|---|---|---|---|
| Larry Paradis | DRA's co-founder and former Executive Director | $1005 | 1967 |
| Sid Wolinsky | DRA's co-founder and former Director of Litigation | $1005 | 1961 |
| Rebecca Williford | President and CEO | $600 | 2009 |
| Sean Betouliere | Senior Staff Attorney | $490 | 2015 |

*Legal Aid at Work:*

| Name | Title | 2022 Hourly Billing Rate | Graduation Year |
|---|---|---|---|
| Jinny Kim | Director, Disability Rights Program and Senior Staff Attorney | $865 | 1999 |
| Rachael Langston | Senior Staff Attorney | $755 | 2008 |

Kim Fee Decl. ¶ 23; Ho Fee Decl. ¶¶ 8, 10.

  This Court finds that Class Counsel's 2022 hourly rates are reasonable. Both Disability Rights Advocates and Legal Aid at Work have extensive experience representing classes in complex litigation and disability rights class action litigation. *See* Kim Fee Decl. ¶¶ 17-19; Ho Fee Decl. ¶ 6. In light of their skill and expertise, Class Counsel's standard rates have regularly been approved by this Court. Kim Fee Decl. ¶¶ 21-22; Ho Fee Decl. ¶¶ 14-15. *See McCullough v. California Dep't of Developmental Servs.*, No. 3:20-cv-2958-SI (N.D. Cal. Sept. 18, 2023) (attached as Exhibit 1 to Kim Fee. Decl.); *Navarro v. City of Mountain View*, No. 5:21-cv-05381-NC, Dkt. No. 137 at 5 n.1, 6–8 (N.D. Cal. Feb. 28, 2023) (attached as Exhibit 3 to Kim PA Decl.) (approving DRA's 2022 rates); *Maria de la Luz Bautista-Perez v. Juul Labs, Inc., et al.* Case No. 20-cv-01613-HSG (N.D. Cal. June 22, 2022) (attached as Exhibit 2 to Ho PA Decl.) (approving Legal Aid at Work's 2022 rates); *T.G. v. Kern Cnty.*, No. 1:18-cv-0257 JLT, 2020 WL 3035199, at *22 (E.D. Cal. June 5, 2020) (approving DRA's 2020 hourly rates); *Cmty. Res. for Indep. Living v. Mobility Works of California, LLC*, No. 18-cv-06012-JSW, 2020 WL 10505223, at *2 (N.D. Cal. May 22, 2020) (approving DRA's 2020 rates); *Nat'l Fed'n of the Blind of California v. Uber Techs., Inc.*, No. 14-cv-04086-NC, Dkt. No. 203 at 5 (N.D. Cal. Nov. 8, 2019) (approving DRA's 2019 rates as reasonable); *Cole v. Cnty. of Santa Clara*, No. 5:16-cv-06594-LHK, Dkt. No. 86 at 3–4 (N.D. Cal. Mar. 21, 2019) (approving DRA's 2018 rates).

  Moreover, use of Class Counsel's 2022 billing rates is reasonable because in fee-shifting cases taken on contingency, compensation is delayed and counsel must assume the cost of litigation. *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1078 (N.D. Cal. 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 283–84 (1989)).

1   Accordingly, this Court finds that the rates used to determine Class Counsel's lodestar,
2   reflected above, are reasonable.

3         2.    <u>Class Counsel's lodestar is based on a reasonable number of hours.</u>

4   Prevailing plaintiffs are entitled to be compensated for "every item of service which, at
5   the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance
6   or protect [their] client's interest[.]" *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 839 (9th
7   Cir. 1982) (quoting *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th
8   Cir. 1981)); *see also Ramon v. Cnty. of Santa Clara*, 173 Cal. App. 4th 915, 924–25 (2009).
9   Courts "should defer to the winning lawyer's professional judgment as to how much time [they]
10  were] required to spend on the case." *Rodriguez*, 53 F. Supp. at 1284 (quoting *Moreno v. City of
11  Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)); *see also Chaudhry v. City of Los Angeles*,
12  751 F.3d 1096, 1111 (9th Cir. 2014) (quoting same).

13  While the Parties were able to reach a settlement agreement without extensive discovery
14  or litigation, this matter demanded significant time and resources from Class Counsel including
15  more than six years of settlement negotiations which involved nine settlement conferences and
16  even more settlement meetings among counsel. Class Counsel also reviewed documents
17  provided by BART and publicly available documents on BART's website, engaged with an
18  emergency preparedness expert and vetted numerous drafts of the settlement agreement with
19  class representatives.

20  Plaintiffs' counsel expended a total of 2,477 hours on this action through December 31,
21  2022. However, in preparing their lodestar, Class Counsel exercised significant billing judgment,
22  including by not seeking fees for:

23  - Time reviewing fee records;
24  - Time related to press-related activities;
25  - Time related to internal case approval and obtaining retainer agreements;
26  - Time spent drafting discovery;
27  - Most travel time;
28  - All billable time by billers who were not central to the case;

- All billable time for Melissa Riess; and
- All billable time by all litigation support staff and law clerks.

Kim Fee Decl. ¶ 25; Ho Fee Decl. ¶¶ 7-8. Class Counsel also minimized internal time (within each office) as well as co-counsel team discussion and only billed for the lowest biller from each office when multiple people attended a meeting or settlement conference. Kim Fee Decl. ¶ 11; Ho Fee Decl. ¶ 12. This resulted in Class Counsel no-charging 1434.7 hours of work—or over 58 percent of all hours billed through December 2022. Kim Fee Decl. ¶ 8. Plaintiffs' lodestar is thus based on 1,043 hours of work.

In addition to this exercise of billing judgment, Plaintiffs' lodestar omits a full year of work completed since December 31, 2022, including (a) negotiating and finalizing the settlement agreement (which was not completed until September 2023), (b) briefing preliminary approval, (c) completing class notice and responding to class member inquiries, and (d) briefing final approval. Kim Fee Decl. ¶ 12. The Court recognizes that this constitutes a significant additional reduction to the lodestar from Plaintiffs' actual work.

Given the substantial work that was required by this case, Class Counsel's exercise of billing judgment in preparing the lodestar, and the omission of all hours worked in obtaining settlement approval, this Court finds that the number of hours included in Plaintiffs' lodestar for this matter is more than reasonable. In addition, the outstanding result that Plaintiffs achieved on behalf of the class underscores the reasonableness of Plaintiffs' requested lodestar. *See Hensley*, 461 U.S. at 435.

C.   **Plaintiffs are entitled to recover their reasonable litigation costs.**

As prevailing parties, Plaintiffs are entitled to both taxable and nontaxable costs expended during the litigation of this action. Fed. R. Civ. P. 54(d)(1) (providing for award of taxable costs to prevailing party); 42 U.S.C. § 12205 (providing for award of litigation expenses and costs under ADA); 29 U.S.C. § 794a(b) (providing for award of costs under Section 504). Plaintiffs' litigation expenses and costs of $16,557.86—including American Sign Language interpreter costs, filing fees, service of process, and expert fees —were reasonably and necessarily incurred for the prosecution and successful settlement of this action. Kim Fee Decl.

¶¶ 41-42. These types of costs and litigation expenses are properly recoverable. *See* 28 U.S.C. § 1920 (filing fees and compensation of interpreters); *Lovell v. Chandler*, 303 F.3d 1039, 1058–59 (9th Cir. 2002) (expert witness fees); *Rodgers v. Fitzgerald*, No. 14-cv-00985-DMR, 2016 WL 4658974, at *8 (N.D. Cal. Sept. 7, 2016) (awarding filing fees and service of process costs in ADA case); *Uriarte-Limon v. Leyva*, No. EDCV 16-194 JGB (KKx), 2017 WL 5665016, at *6 (C.D. Cal. June 30, 2017) (awarding service costs, filing fees, and interpreter fees to prevailing plaintiff in ADA case).

This Court finds that Plaintiffs' litigation expenses and costs of $16,557.86 are reasonable. While the negotiated award amount of $825,000 is already a significant reduction from the presumptively reasonable lodestar, as discussed above, it also encompasses Plaintiffs' litigation expenses and costs, which makes it even more reasonable.

### III.   ORDER

For the reasons stated above, Plaintiffs' motion is GRANTED in full. The Court Orders as follows:

1. Plaintiffs' Motion for Attorneys' Fees and Costs is GRANTED in full.
2. Defendants are ordered to pay Plaintiffs' counsel the amount of $825,000 within ninety (90) days of the Court's order granting final approval of the Agreement.

DATED: _____April 18_____, 2024        _____
                                        Hon. Laurel Beeler
                                        United States Magistrate Judge