DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENIOR AND DISABILITY ACTION, on behalf of its members and all others similarly situated; INDEPENDENT LIVING RESOURCE CENTER OF SAN FRANCISCO; PI RA, on behalf of himself and all others similarly situated; and IAN SMITH, on behalf of himself and all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT and ROBERT M. POWERS, in his official capacity as General Manager of the San Francisco Bay Area Rapid Transit District,<br><br>   Defendants. | Case No. 3:17-cv-01876-LB<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE, AND SETTING DATES FOR FINAL APPROVAL**<br><br>Judge:   Laurel Beeler |

# I. INTRODUCTION

Before the Court is the Parties' Joint Motion for Final Approval of Class Action Settlement. Plaintiffs Senior and Disability Action, Independent Living Resource Center of San Francisco, Pi Ra and Ian Smith (collectively "Plaintiffs") filed this action in April 2017 alleging that Defendants San Francisco Bay Area Rapid Transit District ("BART") and Grace Crunican in her official capacity as General Manager (collectively "Defendants") were violating federal and state laws by discriminating against Plaintiffs and other people with mobility disabilities. Defendants deny these allegations and do not concede liability. Following extensive negotiations that took place over more than six years, the Parties have reached a proposed Settlement Agreement and Release of Claims (the "Agreement"), which is in the best interest of all Parties and satisfies the requirements of Federal Rule of Civil Procedure 23. The Agreement ensures, among other things, that BART will make reasonable best efforts to renovate, make prompt repairs and implement preventative maintenance plans of elevators and escalators to provide continuous, uninterrupted service.

On November 30, 2023, this Court (a) provisionally certified the Settlement Class, appointed Plaintiffs as Settlement Class representatives, and appointed Disability Rights Advocates and Legal Aid at Work as Class Counsel; (b) granted preliminary approval of the terms and conditions contained in the Agreement; (c) found that the proposed Agreement is fair and warranted the dissemination of notice to the Settlement Class; (d) approved the proposed Class Notice and the plan for providing notice to the Settlement Class; and (f) scheduled a Fairness Hearing for April 18, 2024. Dkt. No. 149 at 10-13 (Order Granting Prelim. Approval). The Court directed Plaintiffs' counsel to submit a motion for attorneys' fees, expenses, and costs, which they did on January 19, 2024. Dkt. No. 152. The Parties now ask that the Court enter an order (1) granting final approval of the Agreement; (2) certifying the Settlement Class and appointing Plaintiffs' attorneys as class counsel; and (3) retaining jurisdiction for purposes of settlement enforcement.

Having presided over the proceedings in the above-captioned action and having reviewed all of the arguments, pleadings, records, and papers on file, this Court finds and orders as

follows:

## II.  FINDINGS

Plaintiffs allege that Defendants fail to ensure equal access for people with mobility disabilities who use wheelchairs, walkers, and other mobility aids, and who rely on elevators and escalators to access the stations and services of BART in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq,* Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, the Unruh Civil Rights Act and California Government Code § 11135.  ECF No. 1 (Complaint).  Plaintiffs allege that they and other people with mobility disabilities are denied full and equal access to the BART system and are provided a level of service vastly inferior to that which BART's non-disabled customers enjoy.  ECF No. 1.  Defendants expressly deny these allegations and assert that they have always complied with the law.  ECF No. 20 (Answer).

At final approval, the Court first "determines that notice to the class members was accomplished in the manner prescribed by the settlement and as approved by the Court at the preliminary approval stage." *Cancilla v. Ecolab, Inc.*, No. 12-cv-03001-JD, 2016 WL 54113, at *3 (N.D. Cal. Jan. 5, 2016).  The Court then analyzes whether it should confirm final certification of any class preliminarily certified for settlement.  *Rosado v. Ebay Inc.*, No. 5:12-cv-04005-EJD, 2016 WL 3401987, at *1-2 (N.D. Cal. June 21, 2016).  Finally, "[h]aving already completed a preliminary examination of the agreement, the court reviews it again, mindful that the law favors the compromise and settlement of class action suits." *Id.* (citing *Churchill Village. LLC v. Gen. Elec.*, 361 F.3d 566,576 (9th Cir. 2004)).  The Court should "reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Just.*, 688 F.2d at 625.  Ultimately, "the decision to approve or reject a settlement is committed to the sound discretion of the trial judge because he is exposed to the litigants and their strategies, positions, and proof." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

///

///

**A.     Notice Was Effectuated to the Settlement Class.**

Plaintiffs' Counsel and BART distributed the notice in accordance with the Agreement and this court's order. Plaintiffs' Counsel Disability Rights Advocates and Legal Aid at Work published a copy of the class notice in English, Chinese and Spanish on their respective websites in a format compliant with WCAG. BART published the short form of the class notice (Dkt. No. 145-1, pp. 71) for four consecutive weeks in the San Francisco Chronicle, the San Francisco Examiner, and the Oakland Tribune, in English; Sing Tao Daily in Chinese; and El Observador in Spanish. BART also posted a copy of the class notice in English, Chinese and Spanish on its website, and posted links to the class notice on link to the Notice of Settlement on its Facebook page (www.facebook.com/bartsf) page and Twitter (https://twitter.com/sfbart) account, and made a link to the class notice available in its email alerts. BART also made a copy of the class notice available to organizations specified in the settlement agreement. BART also complied with the notice requirements of the Class Action Fairness Act. No objections to the Settlement Agreement were submitted.

This Court finds that the Parties distributed notice to the Settlement Class in a manner sufficient "to alert those with adverse viewpoints to investigate and to come forward and be heard," *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (internal quotations omitted), and in a manner and form that meets the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e).

**B.     The Settlement Class meets the requirements of Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.**

To grant approval of a class settlement, the court determines whether the proposed class is proper for settlement purposes, and, if so, certifies the class. *Cf. Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *see also Uschold v. NSMG Shared Servs., LLC*, 333 F.R.D. 157, 166 (N.D. Cal. 2019) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)). To support class certification, a court must find each of Rule 23(a)'s four requirements has been satisfied: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Amchem Prods., Inc.*, 521 U.S. at 614. In addition to these requirements, "parties seeking class

---

*Senior and Disability Action, et al. v. Bay Area Rapid Transit, et al.*, Case No. 3:17-cv-01876-LB
[Proposed] Order Granting Final Approval of Class Settlement                                              3

certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Id.* The applicable provision here is subsection (2), which "permits class actions for declaratory or injunctive relief where 'the party opposing the class has acted or refused to act on grounds generally applicable to the class.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(2)).

Here, the proposed class for the purpose of settlement ("Settlement Class") is defined as:

> All people with Mobility Disabilities who, at any time between April 5, 2014 and the end of this Settlement's Term, have needed to use or will need to use the Accessible Features of BART's facilities.

Dkt. No. 145-1, Ex. 1 at 19 ("T. Settlement Class").

The Settlement Class is defined slightly differently from the class originally proposed in Plaintiffs' Complaint. *Compare* Dkt. No. 145-1, Ex. 1 at 19 *with* Dkt. No. 1 at ¶ 85. This modification clarifies the class definition and will not materially impact the class membership or prejudice any class member. The Court finds that this modification to the class definition is appropriate.

In addition, the Court finds that the proposed Settlement Class meets the requirements of Rule 23(a) and Rule 23(b)(2), as discussed below, and it is hereby certified.

### i. <u>The Settlement Class is Sufficiently Numerous.</u>

Rule 23(a) requires that a settlement class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Data indicate that approximately 300,000 class members reside within the counties that the BART system serves and close to 1.5 million people with mobility disabilities visit the Bay Area each year for work and leisure, many of whom either use the BART system or would if they are not deterred by its pervasive barriers to access. Joinder of all class members in a single proceeding would be impracticable, and the Court finds that the proposed Settlement Class is sufficiently numerous.

### ii. <u>The Settlement Class Satisfies Commonality.</u>

The second element of Rule 23(a) requires the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is satisfied where the plaintiff alleges the existence of "a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-*

*Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  The critical question is whether class members have suffered the same injury, such that their claims "depend upon a common contention . . . [that] is capable of classwide resolution." *Id.*

Plaintiffs challenge Defendants' failure to maintain a transit system readily accessible to persons with mobility disabilities.  Dkt. No. 1 at ¶¶ 30, 109, 114, 137, 145.  The same factual allegations form the basis of each Settlement Class member's claims and the legality of these policies and practices is a question "capable of classwide resolution." *Wal-Mart*, 564 U.S. at 350.

The Court finds that there are questions of law and fact common to the Settlement Class.

### iii.    Plaintiffs' Claims are Typical of the Settlement Class.

The third element of Rule 23(a) requires that the claims of the representative parties are typical of the claims of the class.  Fed. R. Civ. P. 23(a)(3).  Rule 23(a)'s typicality requirement is met so long as the named plaintiffs' claims are "reasonably coextensive with those of absent class members; they need not be substantially identical." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Wal-Mart*, 564 U.S. at 338).

Though the extent of their injuries may differ, Plaintiffs allege that every class member is affected by the same challenged course of conduct on the part of Defendants:  system-wide policies and practices involving accessibility to its fixed route system for persons with mobility disabilities.  The legal theories that Plaintiffs would have relied on to redress this harm apply equally to each member of the proposed Settlement Class.

The Court finds that Plaintiffs' claims are typical of the claims of the Settlement Class that they seek to represent for the purpose of settlement.

### iv.    Plaintiffs and Class Counsel are Adequate Representatives.

The final element of Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The Settlement Class is adequately represented so long as "the named plaintiffs and their counsel [do not] have any conflicts of interest with other class members, and . . . [will] prosecute the action vigorously on

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

behalf of the class." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000), as amended (June 19, 2000).

Here, Plaintiffs have shown that no conflicts exist between Plaintiffs and other Settlement Class members. The Parties' Agreement provides the same injunctive relief for Plaintiffs and every member of the proposed Settlement Class; and Plaintiffs have vigorously represented the class and pursued this outcome on behalf of the Settlement Class. Plaintiffs' counsel is experienced in litigating class actions and impact cases involving disability rights violations.

Thus, the Court finds that Plaintiffs Senior and Disability Action, Independent Living Resource Center of San Francisco, Pi Ra and Ian Smith have fairly and adequately represented the interest of the Settlement Class and will continue to do so. Accordingly, the Court hereby appoints Plaintiffs Senior and Disability Action, Independent Living Resource Center of San Francisco, Pi Ra and Ian Smith, as representatives of the Settlement Class. The Court further appoints Plaintiffs' counsel, Disability Rights Advocates and Legal Aid at Work, as Class Counsel.

v.     The Settlement Class Satisfies Rule 23(b)(2).

Rule 23(b)(2) requires that the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." This rule is "almost automatically satisfied in actions primarily seeking injunctive relief." *Hernandez v. Cnty. of Monterey*, 305 F.R.D. 132, 151 (N.D. Cal. 2015) (quoting *Gray v. Golden Gate Nat'l Recreational Area*, 279 F.R.D. 501, 520 (N.D. Cal. 2011)).

Here, Plaintiffs challenge BART's policies and practices applicable to all Settlement Class members and seek injunctive relief. Under the proposed Agreement, every Settlement Class member will benefit from the same relief—changed policies and practices to allow people with mobility disabilities to have full and equal use of the BART transit system. Furthermore, the Agreement does not release Settlement Class members' potential claims for monetary damages. The Court finds that the proposed Settlement Class satisfies Rule 23(b)(2).

The Court finds that the Settlement Class satisfies the requirements of Rule 23(a) and

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   23(b)(2), and hereby certifies the Class.

2       **C.**    **The Proposed Settlement Agreement is Fair, Reasonable, and Adequate.**

3   To obtain final approval of their class settlement, the Parties must show the settlement satisfies the following factors: (1) the class was adequately represented; (2) the proposed settlement was negotiated at arm's length; (3) the relief provided for the class is adequate, taking into account the costs, risks, and delay of trial and appeal and the terms of any proposed award of attorneys' fees; and (4) the proposal treats class members equitably relative to one another. Fed. R. Civ. P. 23(e)(1)(B), 23(e)(2); *see also Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (listing *Hanlon* factors considered in the Ninth Circuit). Having considered these factors and examined the settlement process for signs of collusion, as discussed below, the Court finds that the Rule 23(e) factors are satisfied and grants final approval of the Settlement Agreement.

    i.    <u>Plaintiffs and their Counsel Have Adequately Represented the Settlement Class.</u>

In determining whether a class has been adequately represented, courts consider the same "adequacy of representation" questions that are relevant to class certification. *See In re MyFord Touch Consumer Litig.*, No. 13-cv-03072-EMC, 2019 WL 1411510, at *8 (N.D. Cal. Mar. 28, 2019); *see also O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2019 WL 1437101, at *6 (N.D. Cal. Mar. 29, 2019). Adequate representation of counsel is generally presumed in the absence of contrary evidence. *Californians for Disability Rights, Inc. v. Ca. Dep't of Transp.*, 249 F.R.D. 334, 349 (N.D. Cal. 2008); *see also* William B. Rubenstein, 1 *Newberg and Rubenstein on Class Actions* § 3:55 (6th ed. 2022).

Plaintiffs and their counsel have demonstrated that they do not have any known conflicts of interest with other class members and have vigorously prosecuted the action. Having reviewed the Agreement and all submissions, the Court finds that Plaintiffs and their counsel have adequately represented the Settlement Class and that this factor weighs in favor of final approval.

    ii.    <u>The Proposed Settlement was Negotiated at Arm's Length.</u>

The Court finds that the Agreement was negotiated at arm's length. While no

---

*Senior and Disability Action, et al. v. Bay Area Rapid Transit, et al.*, Case No. 3:17-cv-01876-LB
[Proposed] Order Granting Final Approval of Class Settlement      7

presumption of fairness attaches to settlements achieved through arms-length negotiations, *see Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019), such negotiations do weigh in favor of approval.[1]  Fed. R. Civ. P. 23(e)(2)(B).  The proposed Agreement is the product of over six years of arms' length negotiations, including nine settlement conferences before Judge Beeler, numerous settlement meetings between the Parties, and dozens of written proposals exchanged.  ECF Nos. 41, 48, 54, 59, 99, 103, 115, 136 and 140.  (Min. Entries re Settlement Confs.).  As the Advisory Committee has recognized, "the involvement of a neutral or court-affiliated mediator or facilitator . . . may bear on whether [negotiations] were conducted in a manner that would protect and further the class interests."  Advisory Committee Notes to 2018 Amendments, Fed. R. Civ. P. 23(e)(2).  The Court finds that the Agreement is the product of "serious, informed, non-collusive negotiations" conducted by experienced counsel over an "extended period of time."  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079–80 (N.D. Cal. 2007).  This factor weighs in favor of final approval.

    iii. <u>The Proposed Agreement Provides Adequate Relief to Plaintiffs and the Settlement Class.</u>

Rule 23(e)(2)(C) requires courts to consider whether "the relief provided for the class is adequate, taking into account:  (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payments; and (iv) any agreement required to be identified under Rule 23(e)(3)."  Fed. R. Civ. P. 23(e)(2)(C).

Here, the Parties have shown that the Agreement fully addresses the issues that led Plaintiffs to file this lawsuit.  BART will undertake a program of renovating the most at-risk elevators and escalators in its system and implement a regular maintenance schedule to ensure that its existing facilities remain in good repair.  The Agreement calls for BART to implement an

---

[1] The considerations encompassed by revised Rule 23(e)(b)(2)(A)–(B) "overlap with certain *Hanlon* factors, such as the non-collusive nature of negotiations, the extent of discovery completed, and the stage of proceedings." *In re Extreme Networks, Inc. Sec. Litig.*, No. 15-cv-04883-BLF, 2019 WL 3290770, at *7 (N.D. Cal. July 22, 2019) (citing *Hanlon*, 150 F.3d at 1026).

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

emergency preparedness plan, improve outage communication and mitigation, continue a popular elevator attendant program, prioritize mitigation of soiled accessibility features, and provide for a complaint procedure regarding accessibility issues. BART will also regularly report outage data to the public and Class Counsel. The Agreement provides for monitoring by Class Counsel and a dispute resolution procedure for resolving any issues that arise during the settlement term. Once implemented, these changes will address the problems that led to the lawsuit.

In deciding whether to agree to this settlement, Plaintiffs considered the possibility that BART would prevail in the litigation, and the case would end with no benefits to the class. There is no guarantee that Plaintiffs would prevail, and any litigated result would require significant time and resources for the Court to resolve these disputes.

Subject to this Court's approval, Defendants have agreed to pay Plaintiffs' counsel $825,000 to cover all attorneys' fees and costs, including those incurred for monitoring implementation of the Agreement. Agreement ¶ 128. This term was negotiated after all substantive settlement terms pertaining to injunctive relief had been resolved, and the total amounts to a significant reduction to Plaintiffs' lodestar. The Court finds that the agreed fee award is fair and reasonable and weighs in favor of granting approval of the Settlement.

The Court finds that all relevant factors weigh in favor of final approval.

### iv. The Parties' Agreement Treats All Settlement Class Members Equitably.

"The Court must next examine whether the Settlement Agreement provides preferential treatment to any class member." *Uschold*, 333 F.R.D. at 170 (internal quotation and citation omitted). The Court finds that the Agreement will provide the same relief to all Settlement Class members, and the only distinction between treatment of the Plaintiffs and other Settlement Class members is that the Plaintiffs seek a service award in the amount of $7,500 each to the named individual plaintiffs and $15,000 each to the organizational plaintiffs, for their service to the proposed Settlement class. Because the Proposed Agreement treats Plaintiffs and all other Settlement Class members equitably relative to each other, the Court finds that this factor weighs in favor of final approval.

          v.       <u>Each Named Plaintiff is Entitled to a Service Award.</u>

The general purpose of service awards is to "compensate class representatives for work done on behalf of the class" and "to make up for financial or reputational risk undertaken in bringing the action." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Courts may consider various factors in determining whether to make a service award, including but not limited to: (1) the risk of the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representatives' actions. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). The Court finds that the Named Plaintiffs each faced risks in commencing this lawsuit and encountered notoriety in connection with the lawsuit. The Court finds that each Named Plaintiff spent significant time and effort on this case and Named Plaintiffs' efforts substantially benefitted the class. The Court further finds that the Named Plaintiffs actively participated in the settlement of this lawsuit, which has been pending for over seven years. Plaintiffs Senior and Disability Action, Independent Living Resource Center of San Francisco, Ra and Smith are each entitled to a service award and the Court finds the amounts sought are reasonable.

### III.    ORDER

NOW THEREFORE, IT IS HEREBY ORDERED:

1. Unless otherwise stated, the terms in this Order have the meaning set forth in the Agreement.

2. The Court hereby certifies the proposed Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) as follows:

> All people with Mobility Disabilities who, at any time between April 5, 2014, and the end of this Settlement's Term, have needed to use or will need to use the Accessible Features of BART's facilities.

3. The Court hereby appoints Plaintiffs Senior and Disability Action, Independent Living Resource Center of San Francisco, Pi Ra and Ian Smith as Settlement Class representatives.

4. The Court hereby appoints Disability Rights Advocates and Legal Aid at Work, Plaintiffs' attorneys of record, as Class Counsel.

5. The Court hereby grants the service award in the amount of $7,500 each to Plaintiffs Ra and Smith and $15,000 each to Plaintiffs Senior and Disability Action and Independent Living Center of San Francisco.

6. The Court hereby grants final approval of the terms and conditions contained in the Agreement, attached as Exhibit 1 to the Declaration of Jinny Kim in Support of the Parties' Joint Motion for Preliminary Approval, Dkt. No. 145-1, Exh. 1 at 15.  The Parties' Joint Motion for Final Approval of the Class Settlement (Dkt. No. 154) is GRANTED.

7. The Court will retain jurisdiction of this matter during the term of the Agreement for the purpose of enforcement thereof.

**IT IS SO ORDERED.**

Dated: April 18, 2024

Honorable Laurel Beeler
United States District Magistrate Judge

---

*Senior and Disability Action, et al. v. Bay Area Rapid Transit, et al.*, Case No. 3:17-cv-01876-LB
[Proposed] Order Granting Final Approval of Class Settlement     11